UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BELLE, a/k/a
BENJAMIN A. JOHNSON,                        No. 07-14801

       Plaintiff,                              District Judge David M. Lawson

v.                                          Magistrate Judge R. Steven Whalen

DAWN ISON, ET.AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On November 18, 2007, Plaintiff James Belle, a/ka/ Benjamin A. Johnson, a prison inmate in the custody of the Michigan Department f Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Before the Court is a Motion to Dismiss [Docket #24] filed by Defendants Raymond Booker and James Atterberry, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1] For the reasons discussed below, I recommend that the motion be GRANTED and the complaint DISMISSED.

**I.   FACTS**

The Plaintiff alleges that on or about June 28, 2007, he "was given a parole

---

[1] Booker and Atterberry are the only remaining Defendants. At Plaintiff's request, Defendants Dawn Ison, Stephen J. Murphy and Lawrence Bunting were dismissed on December 5, 2008. *See* Docket #31.

-1-

without interview by the Parole Board," with a parole date of July 26, 2007. *Complaint* p.2. He admits that he never received a written decision from the Parole Board. *Id*. In the meantime, Plaintiff had a separate criminal case pending in this Court. *See United States v. Benjamin Anthony Johnson, a/k/a James Lee Belle*, E.D. Mich. No. 05-80955, assigned to Hon. Avern Cohn. In that case, Plaintiff was charged with a number of counts of conspiracy to possess with intent to distribute controlled substances and money laundering. On November 22, 2005, he consented to detention without prejudice in the federal criminal case, but on January 18, 2006, Judge Cohn granted a bond in the amount of $20,000, unsecured, with various conditions of pretrial release.

Plaintiff was never released on parole in his state case, although he alleges that on September 26, 2007, "the Michigan Parole Board mysteriously interviewed me and Parole Board member James Atterberry revoked my parole." *Complaint*, p. 7. Plaintiff filed a petition for writ of habeas corpus in this Court, challenging his state custody, but Judge Edmunds dismissed the petition *sua sponte*. *See Benjamin Anthony Johnson v. Raymond Booker*, E.D. Mich. No. 07-13323. Noting that the Plaintiff had not provided any documentation that he had actually been granted a parole or ordered released from state custody, Judge Edmunds found that his habeas claim was not cognizable in federal court, because he had no constitutionally protected liberty interest at stake. Among the cases Judge Edmunds relied on was *Greenholtz v. Inmates of Nebraska Penal & Corrections,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

Plaintiff also filed a motion to dismiss his indictment in the federal criminal case,

raising the same arguments about the Parole Board's failure to release him.  Judge Cohn denied that motion on November 21, 2008.

In the present case, Plaintiff alleges that Defendant Atterberry, a Parole Board member, and Defendant Booker, the prison warden, conspired with federal officials to deny him parole.  He alleges a denial of "liberty and access to the courts in violation of the 1st, 4th, 5th, 6th, 8th, 9th, 13th and 14th amendments to the United States Constitution." Plaintiff seeks compensatory and punitive damages totalling $6,000,000.

Defendants have attached a number of exhibits to their motion to dismiss. Exhibit 1 contains MDOC records showing that Plaintiff is serving a sentence of 3 to 30 years for possession with intent to deliver cocaine. Exhibit 2 is the affidavit of Amy Moore, the Litigation Coordinator for the Michigan Parole Board.  She states that because Plaintiff's parole guidelines score was in the "high probability of parole" range, "the parole board made a preliminary decision to parole without an interview contingent upon successful completion of the MPRI (Michigan Prisoner Reentry Initiative) program." *Affidavit*, ¶ 3. After that preliminary decision, Plaintiff's file was sent to an MPRI Analyst for screening.  The Analyst discovered that Plaintiff had a pending federal criminal charge, which made him ineligible for MPRI.  *Id.*, ¶ 5.  Because the Board's preliminary vote for parole was contingent on Plaintiff's participation in MPRI, a re-vote on parole was necessary.  Plaintiff was interviewed during the week of September 24, 2007, after which the Board issued an official decision, dated November 20, 2007, denying parole, with a 12 month continuance.  *Id.*, ¶¶ 6-8.

The Parole Board's November 20, 2007 Notice of Decision, contained in Defendants' Exhibit 1, states that the Board departed from the parole guidelines because Plaintiff "has pending charges that he needs to clear. Deviation from the guideline is warranted." The Notice also stated other reasons in support of the Board's action, including the Plaintiff's criminal history, his history of parole failure, and the Board's belief that he blames his history on past immaturity and on substance abuse.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

### III. DISCUSSION

Defendants argue 10 separate grounds for dismissal of this complaint. For the most part, however, there is one overriding dispositive reason for dismissal: As Judge Edmunds noted in her decision denying a writ of habeas corpus, Plaintiff simply has no constitutionally protected liberty interest in parole. *Greenholtz, supra*, 442 U.S. at 7. The Sixth Circuit has held that "procedural statutes and regulations governing parole do not create federal procedural due process rights," and that "[t]he Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole." *Sweeton v. Brown*, 27 F.3d 1162, 1164 -1165 (6th Cir. 1994). The *Sweeton* court also found that as "long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules." *Id.* "In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board." *Juarez v. Renicom* 149 F.Supp.2d 319, 322 (E.D.Mich. 2001) (internal citations omitted). "The Michigan parole statute does not create a right to be paroled." *Id.*; *Hurst v. Dep't of Corr. Parole Bd.,* 119 Mich.App. 25, 28-29, 325 N.W.2d

615, 616 (1982).

Of course, the Supreme Court has held that "the conditional freedom of a parolee generated by statute is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment which may not be terminated absent appropriate due process safeguards." *Moody v. Daggett,* 429 U.S. 78, 85, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (citing *Morrissey v. Brewer,* 408 U.S. 471, 488, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). This liberty interest comes into existence once the inmate has actually been released on parole. The Plaintiff errs, however, in arguing that he had in fact been granted parole. He was not. There is no notice of action by the Parole Board granting a parole, and Plaintiff clearly has not been released on parole. The only written decision by the Board was the November 20, 2007 Notice of Decision *denying* parole.

The Parole Board's *preliminary* decision to grant parole, conditioned on Plaintiff's completion of the MPRI program, does not create a property or liberty interest protected by the Due Process Clause. In *Jago v. VanCuren*, 454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981), the Ohio Parole Board unconditionally ordered that a parole be granted to the plaintiff. However, before the plaintiff was released, the Board rescinded the parole based on new information, without affording the plaintiff a hearing. The Supreme Court held that the plaintiff had no constitutionally protected interest, notwithstanding the Board's initial decision to grant parole.[2] Likewise in this case, the Board's decision to not

---

[2] The Supreme Court also noted that the Ohio parole statutes permitted the rescission of a projected parole date at any time before the prisoner was released.

go forward with a preliminary and conditional decision to consider parole is not actionable in federal court.

As there was no violation of Plaintiff's constitutional rights, his conspiracy claims must also fail. Moreover, it is "well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987). Here, Plaintiff has offered nothing in support of his far-flung theory that members of the U.S. Attorney's Office–who have been dismissed from this case–conspired with the state Defendants to keep him in prison. He was properly indicted by a federal grand jury, and ultimately pled guilty to one count of conspiracy to distribute five kilograms or more of cocaine, and one count of money laundering. Judge Cohn sentenced him to concurrent terms of 150 months imprisonment, with five years of supervised release and an additional order to forfeit $270,000,000.

Finally, there is no support for Plaintiff's poorly-articulated claim that he was denied his First Amendment right of access to the courts. In *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court held that in order

---

*VanCuren*, 454 U.S. at 20-21. In Michigan, M.C.L. § 791.236 provides that "[a]n order of parole may be amended or rescinded at the discretion of the parole board for cause." The statutory requirement that the inmate be interviewed before rescinding parole was met in this case by virtue of the September, 2007 interview. Thus, even if the Board's preliminary decision to consider parole were construed as a grant of parole, under *VanCuren*, Plaintiff still did not have a constitutionally protected interest prior to his actual release.

to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial. In other words, an inmate fails to state a claim "without any showing of prejudice to his litigation." *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Plaintiff has made no such showing. In fact, he has raised the same claims in his criminal case, his habeas case, and the present case.

## IV.   CONCLUSION

I therefore recommend that Defendants' Motion to Dismiss [Docket #24] be GRANTED, and the Complaint DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty

(20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: February 19, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 19, 2009.

s/Susan Jefferson  
Case Manager